### Barnes, et al. v. Duncan, et al.

(Decided March 13, 1923.)

#### Appeal from Russell Circuit Court.

Adverse Possession—Evidence Held to Sustain Verdict in Favor of Adverse Possessor.—In an action of ejectment, where defendants pleaded adverse possession, evidence held to sustain a verdict for defendants on the issue of adverse possession, notwithstanding plaintiff's claim that defendants' predecessor in title entered into possession under a lease.

CRESS & CRESS and W. J. CHUMBLEY for appellants.

J. H. STONE and GORDON MONTGOMERY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Barnes and his brother instituted this action in ejectment against the heirs of James Duncan

to obtain the possession of 55 acres of very rough land in Russell county. The Duncan heirs pleaded adverse possession for more than the statutory period. Appellants replied that on January 24, 1885, J. J. Helm, their remote vendor, entered into a written contract of lease whereby he let the lands in controversy to James Duncan, father of appellees, for a term of twenty-one years, from that date, at the rental of $25.00 for the first seven years, and $25.00 for each period of seven years thereafter during the term, and that the said Duncan entered on said lands under said lease contract and so lived on and held the same throughout the said term, paying the said rentals of $25.00 for each period of seven years.

By rejoinder the Duncan heirs denied the execution of the written lease, and denied that they or their ancestor entered under the said lease; denied that their father, as their predecessor in title, was the tenant of Helm or anyone else at the time he entered upon said land, or at any time during his said holding. Appellants introduced as evidence the patent under which Helm claimed the land; also a deed from Helm to F. M. Barnes, father of appellants; and the deed from F. M. Barnes to appellant Tom Barnes, and the deed from Tom Barnes to George O. Barnes for one-half interest in the said land. They also introduced the alleged written lease which purports to have been signed by Helm and by James Duncan, father of appellees.

The appellees introduced a great number of witnesses, mostly neighbors living in the vicinity of the land in controversy, who testified that James Duncan, father of appellees, entered on the land about 1885, and that all the time he was there he claimed to be the absolute owner thereof, holding, claiming and using it as his sole property, and not as tenant; that Duncan paid the taxes on the land, cleared up part of it, built houses and fences on it, sold timber at different times from it, and otherwise exercised ownership over it. It is also proven that F. M. Barnes, the father of appellants, purchased timber from James Duncan standing on said land but whether this was before Barnes took deed to the land in 1899 is not made certain. It is conclusively shown also that the Duncans were living on and claiming the land as their property in 1919 when F. M. Barnes undertook to convey the said land to Thomas Barnes and was likewise in possession, claiming the land at the time Thomas Barnes undertook to

convey an interest in land to George O. Barnes; that all the neighbors living in the vicinity of the land understood that the land was the property of the Duncans and that George O. Barnes and Thomas Barnes lived in that vicinity at different times before their alleged purchase of said land. All these facts were submitted to the jury by instructions which substantially presented the law of the case and the jury found and returned a verdict for the Duncan heirs who with their father had been in possession of the land for thirty-five years or more.

No sufficient reason is disclosed by the record for disturbing the judgment, and it is therefore affirmed.

Judgment affirmed.